**THORN GAS APPLIANCE
(INTERNATIONAL)
LTD.**

v.

**SAUNIER DUVAL EAU
CHAUDE/CHAUFFAGE, S.A.**

Supreme Judicial Court of Maine.

Argued Sept. 17, 1991.

Decided April 16, 1992.

John Mitchell, William C. Knowles (orally), Verrill & Dana, Portland, for plaintiff.

John J. Aromando (orally), Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, for defendant.

Before ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

ROBERTS, Justice.

Thorn Gas Appliance (International) Ltd. appeals from a judgment entered in the Superior Court (York County, *Cole, J.*) rejecting Thorn's cross-claim for costs and attorney fees against Saunier Duval Eau Chaude/Chauffage, S.A., based on an indemnity clause in a distribution contract between them. Because the indemnity clause is not applicable in the circumstances of this case, we affirm the judgment.

This case originated on a complaint by the Gerry family alleging that John R. Perkins had improperly installed a hot water heater and ventilation system that resulted in injuries due to carbon monoxide exposure. Perkins then filed third-party claims against both Saunier Duval, the French manufacturer of the hot water heater, and Thorn, the British company that distributed the hot water heater in the United States. Perkins alleged that the heater "was defective in design" and the "installation instructions accompanying the heater failed to provide adequate notice of the risks associated with installation of this kind of hot water heater." Claims against other third-party defendants were dismissed prior to trial.

Thorn filed a cross-claim against Saunier Duval alleging that Saunier Duval was required to indemnify Thorn for the cost of defending against the third-party claim. Thorn and Saunier Duval stipulated before trial that the cross-claim would be submitted to the court, while the rest of the case was tried before a jury. The jury delivered responses to several special interrogatories, finding that no one was liable to the plaintiffs. The court entered a judgment disposing of all of the claims before the court, except the cross-claim by Thorn against Saunier Duval for indemnification with respect to the costs of the litigation.

Saunier Duval and Thorn had executed a distribution agreement pursuant to which Saunier Duval sold the water heater to Thorn, which in turn packaged the unit and sold it in the United States with installation

and operating instructions prepared by Thorn. Thorn bases its cross-claim on language of the agreement specifically providing for indemnification under certain circumstances. In clause 2.7 of the agreement, Saunier Duval agreed to:

indemnify [Thorn] against all costs however arising in connection with all claims in respect of the products, including, but without prejudice to the generality of the same, all product and public liability claims, and all actions alleging infringement of any third party industrial property right, other than any claim arising from the negligence of [Thorn], its servants or agents, and any claim alleging infringement of a third party trade name or trade mark by reason of the trade mark or trade name to be affixed to the products under the provisions of clause 2.2 hereof.

The court denied Thorn's claim for costs and attorney fees, ruling that the language "other than any claim arising from the negligence of [Thorn]" in clause 2.7 "clearly precludes indemnification for Thorn's own negligence" and that Thorn was "defending against a claim that it negligently prepared the installation and operating instructions used by [Perkins]." After various parties filed notices of appeal, all issues were resolved except those relating to Thorn's appeal from the judgment against it.

The parties agree that the contract requires their dispute to be decided in accordance with the law of France. Each side presented an opinion of an expert on the French civil code. Those experts generally agreed that a French court would enforce any contract provision not contrary to law or public policy; that clause 2.7 of the contract was not contrary to law or public policy; that a French court could not modify the express provisions of the contract; that the intention of the parties in clause 2.7 would be derived from an examination of the contract as a whole; and that generally contract provisions are interpreted against the obligee and in favor of the obligor. *See The French Civil Code*, ch. III, § V, arts. 1156–1163 (F. Rothman ed. 1977).

Thorn interprets the court's decision as being based on the mere allegation that Thorn negligently prepared the installation and operating instructions. Because the jury found no negligence on the part of Thorn, it says the exception to the indemnity provision simply is not applicable. Thorn argues that only a judicial determination that it was in fact negligent would trigger what it calls a "narrowly defined" exception.

Saunier Duval counters that the language of the third-party complaint, as well as the evidence produced at trial, clearly demonstrate that Perkins's claim against Thorn was based on Thorn's own negligence. Saunier Duval contends that such a claim is excluded by the plain language of the contract and nothing in the contract requires a judicial determination that Thorn was in fact negligent.

We cannot determine the precise theory on which the court's decision is based because we do not know whether the court interpreted the pretrial stipulation as submitting the cross-claim for decision on both law *and fact*, or as only submitting a question of law to be based on the jury's verdict. The evidence adduced at trial could support a finding that Thorn was negligent in fact. One thing is clear, the court found *as a fact* that Thorn was "defending against a claim that it negligently prepared the installation and operating instructions." Assuming the court's decision is based on allegations rather than facts, as Thorn contends, we will examine the indemnity agreement in clause 2.7.

As we have stated, the parties focus on the applicability of the exception in clause 2.7 "other than any claim arising from the negligence of [Thorn]." Some confusion arises because the third-party complaint alleges both defective product design and defective instructions. Let us suppose a simpler scenario. If Thorn alone were sued for defective instructions, would a jury verdict of no negligence result in any duty of Saunier Duval to indemnify Thorn? We think not. The answer, however, does not depend on interpreting the exception in

clause 2.7. Rather, the answer is contained in the scope of the duty imposed by clause 2.7. Saunier Duval must indemnify Thorn "against all costs ... in connection with all claims *in respect of the products.*" (Emphasis added.) Products are defined in Schedule A attached to the contract as "[a]ll water heater models, including spare and replacement parts therefor, ... manufactured by [Saunier Duval] or jointly with [Thorn]." It is undisputed that the instructions were prepared by Thorn alone.

Because Saunier Duval would not be required to indemnify Thorn as a result of a lawsuit based on the instructions alone, we conclude that the trial court correctly decided in favor of Saunier Duval on Thorn's cross-claim in the circumstances here presented. The joinder in the third-party complaint of the claim against Thorn based on defective instructions with the claim against Saunier Duval based on defective design has no impact on the scope of Saunier Duval's duty to indemnify.

The entry is:

Judgment affirmed.

All concurring.